**Talia Y. Guerriero**, OSB #115271
talia@beaconforjustice.com
**David C. Higgs**, OSB #114193
david@beaconforjustice.com
BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, OR 97205
503-673-1388 (Phone)
503-564-4689 (Fax)

**Of Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARY YOUNGBLOOD-LEE, an individual, | Case No. _____ |
| Plaintiff, | COMPLAINT |
| v. | Violations of Fourteenth Amendment Equal Protection, 42 U.S.C. § 1983; Violations of Fourteenth Amendment Race Discrimination, 42 U.S.C. § 1981; Sex, Gender, Race, and Color Discrimination and Retaliation, ORS § 659A.030(1)(a),(f); Whistleblower Retaliation, ORS § 659A.199, ORS § 659.203; Aiding, Abetting, Inciting, Compelling, or Coercing Employment Discrimination, ORS § 659A.030(1)(g) |
| EUGENE SCHOOL DISTRICT 4J, an Oregon public school district authorized and chartered by the laws of the state of Oregon; MICHAEL INGMAN, an individual; KAY GRAHAM, an individual; ANDY DEY, an individual; GREGORY BORGERDING, an individual; BROOKE WAGNER, an individual; | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Page 1 of 40 – COMPLAINT

## INTRODUCTION

1.

Mary Youngblood-Lee ("Plaintiff") is a hardworking and dedicated teacher within Eugene School District 4J ("District"). Plaintiff was hired by the District in 1997 to work as a Social Studies teacher at Sheldon High School. Over a period of *decades*, the District has displayed callous indifference to Plaintiff's well-being through its discriminatory and retaliatory actions, causing a severe and ongoing hostile work environment while utterly failing to take prompt and remedial action on important race, color, and gender concerns as described below. Instead, the District responded by subjecting Ms. Youngblood-Lee to harsher treatment than her peers, including physically removing her from a classroom – as though she were a criminal – for a low-level allegation of writing a so-called "unprofessional" email.

## PARTIES

2.

Plaintiff Mary Youngblood-Lee (hereinafter "Youngblood-Lee" or "Plaintiff"), at the time of filing and at all material times, was a resident of Eugene in Lane County, Oregon and an employee of Sheldon High School within the Eugene School District 4J and an African American woman.

/ / /

/ / /

/ / /

Page 2 of 40 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

3.

Defendant Eugene School District 4J ("District" or "Defendant") is and at all material times hereto was an Oregon public school district authorized and chartered by the laws of the state of Oregon.

4.

At all material times, Defendant employed Michael Ingman as a Principal, supervisor, employee, and agent of the District acting under color of law and he is also sued in his individual capacity. At all material times, Defendant Ingman was acting pursuant to the District's practices or customs and was a resident of Lane County, Oregon.

5.

At all material times, Defendant employed Andy Dey as a superintendent, principal, supervisor, employee, and agent of the District acting under color of law and he is also sued in his individual capacity. At all material times, Defendant Dey was acting pursuant to the District's practices or customs and was a resident of Lane County, Oregon.

6.

At all material times, Defendant employed Gregory Borgerding as a supervisor, employee, and agent of the District acting under color of law and he is also sued in his individual capacity. At all material times, Defendant Borgerding was acting pursuant to the District's practices or customs and was a resident of Lane County, Oregon.

/ / /

/ / /

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

7.

At all material times, Defendant employed Brooke Wagner as a supervisor, employee, and agent of the District acting under color of law and she is also sued in her individual capacity. At all material times, Defendant Wagner was acting pursuant to the District's practices or customs and was a resident of Lane County, Oregon.

8.

At all material times, Defendant employed Kay Graham as a supervisor, employee, and agent of the District acting under color of law and she is also sued in her individual capacity. At all material times, Defendant Graham was acting pursuant to the District's practices or customs and was a resident of Lane County, Oregon.

9.

The District is liable for the tortious conduct of its agents and employees pursuant to ORS § 30.265(1) and ORS § 30.285(1). The District is a "person" for purposes of 42 U.S.C. § 1981, 1983. The District is an "employer pursuant to ORS § 659A.001 and a "public employer" pursuant to ORS § 659A.203.

**TORT CLAIM NOTICE**

10.

Prior to the institution of this action, Plaintiff provided timely notice of all necessary claims to all necessary parties pursuant to ORS § 30.275.

/ / /

**ADMINISTRATIVE EXHAUSTION**

Page 4 of 40 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

11.

On or around June 17, 2024, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Her claims are still pending and she plans to withdraw and amend this Complaint to include Title VII claims upon receiving a right to sue notice.

**FACTUAL ALLEGATIONS**

12.

Throughout her decades of employment, Plaintiff experienced innumerable instances of race and gender discrimination. By way of background and context, some examples include:

a. In or around late April of 2013, Plaintiff asked to return to work part-time after the birth of her child. Vice Principal, Mark Watson, denied her request. The District told Plaintiff that part-time work was not available and that Plaintiff would have to give up her morning Honors Global Studies classes to work in the afternoon. A few months later, Plaintiff observed Mr. Watson provide the very part-time opportunity she had requested to similarly situated male colleagues Greg Cantwell, Jeremy Hutchins, and Jeremy Washburn.

b. In or around April of 2013, Plaintiff asked Principal Bob Bolden and Vice Principal Watson for a proper lactation area and for lactation breaks. Vice Principal Watson told her there were no lactation areas. When Plaintiff told Vice President Watson that she thought lactation areas were guaranteed by law, Watson stated that he did not believe that was true. Upon information

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

and belief, Sheldon High School still does not have a designated lactation area ten years later and other similarly situated women have been denied appropriate lactation opportunities.

c.   In the spring of 2014, fellow Social Studies teacher, Bill Temple, and Language Arts teacher, Debra Buck, were having lunch in Plaintiff's classroom. Mr. Temple began discussing the "n-word" and questioned why African American people could say it, but he could not. Mr. Temple repeatedly used the "n-word" in full in Plaintiff's presence, even after Plaintiff told him she would never use that word or allow it to be used around her. Plaintiff also told Mr. Temple that the only people who had ever directed that word at Plaintiff were people in Roseburg threatening to kill her, her sister, and her 6-year-old niece. Mr. Temple, however, continued to defend his "right" to say it. The next day, Plaintiff reported Mr. Temple's hostile and egregious conduct to Vice Principal Watson, who told Plaintiff that he would not do anything because it was "an issue between colleagues."

d.   In or around May of 2016, Plaintiff sat on a committee with Vice Principal Watson and fellow Social Studies teacher, Brian Brancato, to interview candidates for an open social studies position. The most experienced teacher had previous Advanced Placement ("A.P.") teaching experience and would have given Sheldon High School a second woman in the Social Studies department for the first time in over ten years. Vice Principal Watson

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

overruled Plaintiff's vote for the female candidate, essentially stating that the candidate had "too much energy" and that "the freshman boys would not like her." Vice Principal Watson instead hired Josh Riley, who had no experience teaching A.P. classes, and assigned Mr. Riley upper-level students rather than freshmen students.

e.   In or around late 2016, Mr. Riley told Mr. Brancato and Plaintiff that "all men talk about sexually assaulting women," that talking about sexually harassing women was "normal," and that "women cannot be raped because they secretly want it but do not want to admit it." Plaintiff reported Mr. Riley's remarks to Vice Principal Watson, but the District failed to take any remedial action.

f.   In or around November of 2016, Plaintiff told Vice Principal Watson that Mr. Riley was continually making inappropriate and harassing comments directed at Plaintiff, including statements like "all men talk about grabbing women's [vaginas]...," accusing Plaintiff's husband of talking "like that" with his friends, and making disparaging comments about Plaintiff's background, including statements that Plaintiff was from "the hood" and was a "city dweller." Vice Principal Watson's response was that Mr. Riley was "probably just joking," and the District again failed to take any remedial action.

g.   In the winter of 2016, Language Arts teacher, Sinde Fitz, told Plaintiff that parents were expressing distress that a teacher in Plaintiff's department was

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

teaching a unit on debating the "pros of slavery" in A.P. U.S. History, a course taught by Mr. Riley's. Plaintiff asked Mr. Riley about it the next day and he made statements suggesting that it was "not a big deal." Plaintiff reported the racially hostile environment to Vice Principal Watson but, upon information and belief, the District did not take any remedial action. The District also chose not to address the racially hostile incident publicly or to the faculty. Also, Plaintiff heard that Mr. Riley responded to Ms. Fitz and Ms. Kate Tierney's concerns about the same incident with a comment like "there were winners and losers in life, and that the losers were the nonwhite people." Ms. Fitz told Plaintiff that Mr. Riley had stated that he was required to teach the "pros of slavery" curriculum, so it was "not his fault."

h. On or around February 8, 2018, one of Plaintiff's former students, and close friend, tragically committed suicide. The same day, Mr. Riley walked in on a conversation between Plaintiff and two of the student's best friends. In front of the other students, Mr. Riley told Plaintiff that the deceased student had taken "the easy way out" and was "going against God." The next day, Mr. Riley inappropriately told Plaintiff that he had heard the deceased student was gay and "that may have been why he took his life."

/ / /

13.

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

In or around the Fall of 2020, Sheldon High School hired a new principal, Defendant

Michael Ingman. On or around September 13, 2020, Plaintiff emailed Defendant Ingman:

> *"Mike, I know you have a lot you to deal with and I hate to bother*
>
> *you. Unfortunately, I feel like if I don't speak up things will get*
>
> *worse, and I'll be back to the dark place I was headed before you*
>
> *came to Sheldon. [. . .]*
>
> *At our meeting last week, Josh Riley decided to put up an All Lives*
>
> *Matter and Blue Lives Matter background as his Zoom picture. He*
>
> *said that he asked you about it and you said we couldn't censor*
>
> *political speech. And, if people have Black Lives Matter*
>
> *backgrounds, then there could be confederate flags, etc. After I*
>
> *said that there had been mention of a common background to*
>
> *prevent issues with students having inappropriate screens, he took*
>
> *it down, then put it back up and took it down again. In normal*
>
> *times, I find Josh inflammatory and insensitive with what he says to*
>
> *me, and what he says and teaches our students. This summer has*
>
> *been emotionally draining and I don't have the reserves left to deal*
>
> *with his antics, nor should I have to. I fully understand and respect*
>
> *that he has the right to believe whatever he chooses, but his lack*
>
> *of compassion and insensitivity is too much. He mentioned that he*
>
> *speaks to you a lot, which Brian and I both felt implied that he had*

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

*some sort of 'in' with you, like he did with Mark. I do not believe*

*that is the case, and I am no longer afraid to lose my job or have my*

*classes reassigned if I don't go along with his entitled behavior.*

*Two years ago when I told Mark about Josh's constant harassment*

*and the inappropriate comments he would make, I was told he*

*was probably just joking around. When Josh taught his 'pros of*

*slavery' project, he was not reprimanded or questioned by the*

*administration. Sinde Fitz and Kate Tierney spoke with him about it*

*and were told that 'there were winners and losers in life, and that*

*the losers were the non-white people.' He told Selena that he was*

*required to teach the curriculum, so it wasn't his fault. There is no*

*required curriculum for AP or regular U.S. When my former*

*student, [], committed suicide, Josh told me that [] took the easy*

*way out and was going against G-d. This was literally right after I*

*got off the phone with two of []'s best friends who were letting me*

*know that he had died, but they were okay. I had barely wiped the*

*tears out of my eyes and still had to teach two more classes after*

*lunch. The next day, Josh came and told me that he heard from*

*someone that [] was gay, and that may have been why he took his*

*life. As if that would somehow matter. Josh tells his students that*

*they shouldn't trust any media and spouts conspiracy theories,*

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

*rather than teaching them how to find and validate reliable sources. When my one of my former students told Josh that his haircut made him look like a skinhead, he laughed and told them thank you. When the video came out of Trump saying he could "grab women…", Josh told me that all men talk like that, it was normal, and that my husband probably spoke like that when I wasn't around. Those are just a few of the incidents where Josh has shown his true character and lack of decorum. There is a big difference between having differing views and being so entitled and privileged that you repeatedly say and do things in a professional setting that rational people find offensive or inappropriate. Once you are told you are being inappropriate, that should be the end of it. Instead, Josh continued his behavior through his entire first two years. I finally started eating by myself and leaving Brian's room if Josh came in. Brian kept saying it would get better and that Josh was just trying to fit in, so I kept giving him the chance to be a better person. I don't think Brian even believes that to be the case anymore.*

*[. . .] If he is willing to be so unprofessional with me, it is frightening to think of the biases he is passing on to our students."*

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

No action was ever taken by the District, and Mr. Riley continued to work at Sheldon until he moved away in 2023.

14.

Over the years, Plaintiff has applied for jobs within in the District for which she was the most qualified candidate and yet the District hired less-qualified male employees instead. For example, in or around 2020, the District opened up a position in physical education. When Plaintiff expressed her interest, Principal Ingman and Vice Principal Kay Graham told Plaintiff that she would not get an interview for the job if she applied. Plaintiff asked for a reason given that she has thirty years of coaching experience with four different sports. When Principal Ingman responded that Plaintiff did not have a license, Plaintiff stated that she could get one. The District assigned social studies teacher Josh Line to the position, even though it is Plaintiff's understanding that Mr. Line also did not have a license and had experience in coaching only football.

15.

On or around August 30, 2022,  the first day back to school for teachers, Plaintiff walked into second-year teacher Kevin Summerfield's classroom to introduce herself as the department head. As soon as Plaintiff walked in, Mr. Summerfield began making fun of her skin color, telling her how dark she was and making other degrading comments. Fellow second year teacher, David Jacobson, joined in adding, "but at least it makes your teeth really white." Shocked by the racial comments, Plaintiff fled the room to compose herself. On or around August 31, 2022, Plaintiff texted Defendant Ingman:

Page 12 of 40 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

*"I wasn't kidding when I asked you to let me know if there were any*

*openings that would fit me. When I came in yesterday I was told I*

*got really dark this summer. Then David said 'but at least your*

*teeth are really white'. I've been trying to brush it off, but it's really*

*bothering me. I can't tell if I'm being too sensitive. It made me feel*

*like one of those old depictions of a really dark black man with*

*really white teeth. Wdyt?"*

16.

Mr. Ingman informed then-Principal, Kay Graham, about the most recent incident, and she agreed to meet with Plaintiff. Ultimately, the District directed Mr. Summerfield and Mr. Jacobson to apologize to Plaintiff but, upon information and belief, the District did not take any further action.

17.

On February 6, 2023, Plaintiff emailed then-Principal Graham and Mr. Brancato:

*"I've had several staff members (Mike Ingman and Brian Brancato-*

*when it first happened- and Mike Washburn last week) tell me that*

*Josh Riley is repeating his mantra that I dislike him because he's*

*white, conservative and from a small town, and this is why I took*

*away his AP US History class. It was fine when it was just staff*

*members, but now two students have told me the same thing in*

*the past couple weeks. Being 40% white, from a very small town in*

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

> *Massachusetts and married to a white person, I find his*
>
> *slanderous comments infuriating. Josh and I have spoken about*
>
> *the removal of the AP US class twice in the past week and again in*
>
> *our meeting on Friday. Brian and I both reiterated that we did not*
>
> *take away the class. Josh's numbers began around 35 and ended*
>
> *around 13, while Brian's numbers nearly doubled at the end. More*
>
> *of Brian's students had also passed the AP test with higher scores*
>
> *the previous year. We do not have the ability to take someone's*
>
> *class, that is an administrative decision in the end, so I do not want*
>
> *to keep having the same conversation with him or students. Josh*
>
> *would like to have the class back. How can we best rectify the*
>
> *situation?"*

The District failed to respond promptly or adequately.

18.

On or around August 25, 2023, the first teacher workday of the new school year,

Plaintiff went to social studies teacher Mr. Brancato's room to check in with him, although

he was not there when she first arrived. Shortly thereafter, Mr. Summerfield came into the

room with a new teacher, Suzie McLauchlin. As Plaintiff introduced herself to Ms.

McLauchlin, Mr. Summerfield interrupted and began pointing out "how Black" Plaintiff had

become over the summer. Plaintiff said "No" and tried to continue her introduction to Ms.

McLaughlin. Mr. Summerfield continued to interrupt and made more inappropriate

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

comments about Plaintiff's skin color. Shocked and humiliated by the racial denigration, Plaintiff left the room.

19.

On several occasions during the last week of August and into the first week of September 2023, Plaintiff observed teacher Tim Neeno interrupted Plaintiff's group presentations as Department Head by rudely waving his hands and apparently motioning for Plaintiff to speed up. Mr. Neeno treated other women in the department with similar disrespect and often tried to tell women what to do. Mr. Neeno inappropriately made unilateral decisions for the Department without authority to do so and presented them to Vice Principal Wesley Flinn without consulting department members. Mr. Neeno was also dishonest with Plaintiff in telling her that a female teacher had changed her opinion when she had not.

20.

During the second day of school, a staff member touched Plaintiff's hair without consent, making her extremely uncomfortable. Sometime between the last part of August and September 21, 2023, Plaintiff complained to Vice Principal Regine Childs, Vice Principal Flinn and Principal Ingman that Mr. Neeno's inappropriate touching.. The district did not follow up on Plaintiff's complaints.

/ / /

/ / /

/ / /

Page 15 of 40 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

21.

Mr. Neeno continued with inappropriate behaviors, which, sadly, Plaintiff had come

to expect. On September 1, 2023, Plaintiff emailed the department and Sheldon

administrators:

> "Over the last 24 hours, emails and conversations have been held
>
> and decisions have been made circumventing me, as the
>
> department head, and other department members. This is not the
>
> direction we should be heading and I find it belittling and
>
> disrespectful. Other team members have also expressed their
>
> concerns and dismay regarding this change in department
>
> process, individuals choosing to subvert that process, and
>
> Administration seemingly colluding with this. Past practice has
>
> been that Administration addresses concerns to the department
>
> head who works with the team to work through the problem. As
>
> most of our department is in their first or second year at Sheldon,
>
> before we get any further into the year, I want to get us all on the
>
> same page with how our department works and share a bit of
>
> history as to how we got here. We need to utilize best practices
>
> around equity within our department more effectively."

/ / /

/ / /

Page 16 of 40 – COMPLAINT

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

22.

Principal Ingman met with Plaintiff to discuss her email, and Plaintiff once again reiterated her complaints about the rampant and ongoing racism and sexism exhibited by Mr. Neeno, Mr. Summerfield, and the other employee who touched Plaintiff's hair without her consent. Plaintiff is unaware of any substantive action taken by the District other than its offer to direct Mr. Summerfield to apologize, which felt hollow to Plaintiff. Principal Ingman also told Plaintiff that Mr. Summerfield was angry with Plaintiff, which was an entirely inappropriate comment in the situation.

23.

On or around September 5, 2023, the day before classes were to begin, Plaintiff's classes were suddenly changed, requiring her to teach an Introduction to Business class and an Academic Seminar class for which Plaintiff did not have adequate time to prepare. In contrast, the District assigned Mr. Summerfield a sociology class with preexisting lesson plans and also an extra prep period – even though he does not have the endorsement to teach social studies, including sociology. No other teachers were even afforded the opportunity to apply to teach the sociology class assigned to Mr. Summerfield.

24.

In or around August 2023, Plaintiff noticed that the "Honors" title had been removed from her Honors class – a class that she had taught since she helped to create the honors program twenty-six years before. On August 29, 2023, Plaintiff emailed District administrators in an attempt to get the Honors title re-listed, but District administrator Lisa

Page 17 of 40 – COMPLAINT

Jenkins-Easton wrote in an email cc'd to Amy Hendrickson and Principal Ingman: "The district refused to build us an Honors Global class. I do not have the power to change any course names."

25.

On September 8, 2023, Plaintiff responded to Ms. Hendrickson, Principal Ingman, Greg Cantwell, Ms. Jenkins-Easton, and Jeremy Washburn:

> *"So they removed the name for Honors for Global Studies, but not for English?? When I let students know this, I anticipate there will be a lot of scrambling to change classes. I don't think many students are going to opt for a more rigorous class which could lower their grades with no recognition for it. It seems like what is good for one department should be good for all, but maybe it's a union issue at this point."*

The District Administrators did not respond.

26.

Around the second week of school, students in Plaintiff's "Honors" classes complained to Plaintiff that the Honors title did not show up on their class list. After receiving no response or resolution from Sheldon's administration or from the District, Plaintiff sent an email on or around September 26, 2023, to her Honors Global Studies Program parents discussing information that Plaintiff believed in good faith, and based on reliable sources, was true describing her understanding of the circumstances of the

Page 18 of 40 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

change in the Honors Global Studies Program. For example, she noted that Director of

Secondary Education Gregory Borgerding told Plaintiff that the option for an Honors class

had been removed. Plaintiff's comment accurately repeated what Mr. Borgerding had told

her.

27.

Shockingly, in the middle of one of Plaintiff's class periods, **the District sent an**

**official to her classroom full of students to remove Plaintiff and escort her to the**

**Principal's office of Sheldon High School. There, the District placed her on immediate**

**"administrative leave until the district completes an investigation into reports of**

**concerning behaviors."** Plaintiff's keys and badge were then confiscated and she was

escorted back to her classroom where she was supervised as she gathered her belongings.

She was next escorted off of school premises, and the school's door was closed behind

her. The District subsequently ignored Plaintiff's pleas to allow her to put an out-of-office

response on her email, and prevented her access to respond to emails while she was out

on leave. Later, Mr. Borgerding sent an email to all the parents that directly contradicted

what he previously told Plaintiff. Additionally, Mr. Borgerding's email  contradicted what

Plaintiff heard from the administrative staff who had actually removed the Honors

designations from the system.

28.

The District's conduct was a terrible overreaction that treated Plaintiff – the only

African American female employee – like a criminal despite years of ignoring rampant

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

racism and sexism by similarly situated white, male employees. Upon information and belief, such extreme discipline was not enforced by the District in response to more egregious situations, as other District employees were not escorted out of the building and/or placed on administrative leave (including the employees who made racist and sexist comments). In Plaintiff's twenty-six years with the District, she has not seen or heard of any other teacher or administrator being escorted out of the building in front of other teachers and students, including a teacher who Plaintiff had heard was jailed on domestic violence charges while teaching at the District.

29.

On or around October 23, 2023, a young, female teacher reported inappropriate conduct by, and conflicts with, Mr. Summerfield, including sexual and verbal harassment and comments such as "I'd love to see you get down on your knees in those boots for me." Upon information and belief, HR Director Ingman's only response was that he "had not had that experience" with Mr. Summerfield.

30.

In or around January 2024, Plaintiff sought assistance with an urgent student situation and texted Principal Ingman and called for assistance from the office but her call for help was ignored.

31.

On or around February 2, 2024, Plaintiff sent a tort claims notice to Superintendent Dey requesting an investigation into the many complaints and concerns outlined herein

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

and asked for an investigation pursuant to school district policies. Neither Defendant Dey nor the District took prompt or effective remedial action.

32.

On or around February 9, 2024, Principal Ingman inappropriately asked Plaintiff invasive questions about her tort claims notice.

33.

In or around February 2024, Plaintiff reported additional complaints about unlawful activity, but the District again failed to promptly and effectively intervene. Instead, Principal Ingman insinuated false information about Plaintiff and asked Plaintiff additional invasive questions about her complaints. Ingman's response typifies how the District engenders a climate of fear for both students and staff, and deters them from reporting issues. The toxic climate is further engendered by the District's lack of prompt or effective action, and the victims are either left to suffer without official recourse or are retaliated against for raising issues of concern. To date, the District has not completed an investigation into Plaintiff's several complaints.

34.

Heading into the 2024 school year, the District and Defendant Ingman either failed to consult Plaintiff or ignored Plaintiff's suggestions for the department. Instead, Ingman continues to make decisions that negatively impact Plaintiff's workload, erode any feeling of safety in the workplace, and disrupt her overall mental and professional well-being.

/ / /

Page 21 of 40 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

35.

As a result of the District's discriminatory and retaliatory treatment, Plaintiff has

suffered significant and ongoing emotional distress.

## FIRST CLAIM FOR RELIEF

### Fourteenth Amendment Equal Protection Violation – 42 U.S.C. § 1983

### Against all Defendants

**Count 1: Individual Liability Against Defendants Michael Ingman, Kay Graham, Andy Dey, Greg Borgerding, & Brooke Wagner**

36.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth

in the paragraphs above.

37.

By the acts and omissions described above, Defendants discriminated against

Plaintiff because of race, color, sex and/or gender identity in violation of her right to equal

protection of the laws enshrined in the 14th Amendment to the United States Constitution

and enforced through 42 U.S.C. § 1983.

38.

Plaintiff had a clearly established right to be free from unlawful discrimination

based on race, color, sex, and/or gender.

/ / /

39.

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

Defendants personally participated in depriving Plaintiff of her constitutional rights.

40.

In addition, or in the alternative, Defendants directed their subordinates' violative conduct or acquiesced to their subordinates' deprivation of Plaintiff's rights.

41.

In addition, or in the alternative, Defendants set in motion violative conduct that they knew or should have known would result in violations of Plaintiff's constitutional rights.

42.

In addition, or in the alternative, Defendants' conduct as described above was done intentionally and demonstrated a reckless or callous and deliberate indifference to Plaintiff's constitutional rights.

43.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to 42 U.S.C. §§ 1983, 1988.

44.

Plaintiff requests compensatory damages, and/or nominal damages, equitable relief, costs, and attorney fees pursuant to 42 U.S.C. §§ 1983, 1988, and ORS § 20.107.

**Count II: Municipal Liability Against Defendant Eugene School District 4J**

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

45.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

46.

By the acts and omissions described above, Defendants discriminated against Plaintiff because of race, color, sex and/or gender identity in violation of her right to equal protection of the laws enshrined in the 14th Amendment to the United States Constitution and enforced through 42 U.S.C. § 1983.

47.

Plaintiff had a clearly established right to be free from unlawful discrimination based on race, color, sex, and/or gender.

48.

Defendant Eugene School District 4J maintained a practice or custom of failing to protect female staff persons from discrimination and failing to provide such persons with an environment that allows them to be safely and securely employed. This practice or custom included, but was not limited to, condoning supervisors' discrimination and inadequately supervising and training its supervisors, including Defendant supervisor, and failing to discipline or reprimand its employees, including Defendant supervisor, thereby failing to adequately discourage further constitutional violations on the part of its employees.

/ / /

Page 24 of 40 – COMPLAINT

49.

In addition, or in the alternative, Defendant District is liable for the deprivation of

Plaintiff's Fourteenth Amendment rights because the unlawful decisions were made or

approved by persons in policymaking positions for Defendant District and/or Defendant

District ratified the unlawful conduct alleged herein knowing the basis of the unlawful

conduct.

50.

Defendants' discrimination against Plaintiff was intentional or undertaken with

deliberate indifference to Plaintiff's constitutional rights.

51.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered

nominal damages.

52.

Plaintiff requests compensatory damages and/or nominal damages, injunctive

relief, equitable relief, and costs and attorney fees pursuant to 42 U.S.C. §§ 1983, 1988, and

ORS § 20.107.

/ / /

/ / /

/ / /

/ / /

/ / /

Page 25 of 40 – COMPLAINT

**SECOND CLAIM FOR RELIEF**

**ORS § 659A.030(1)(a)**

**Sex and Gender Discrimination**

**Against Defendant Eugene School District 4J**

53.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

54.

Oregon law provides that it is an "unlawful employment practice" for an employer and its agents to "discriminate" against an employee "in compensation or in terms, conditions, or privileges of employment" or to "refuse to hire or employ" or to "bar or discharge" an individual because of "sex," and/or "gender."  ORS § 659A.030(1)(a).

55.

Defendant Eugene School District 4J is an employer for the purpose of ORS § 659A.030.

56.

Defendant Eugene School District 4J unlawfully discriminated against Plaintiff based on sex and/or gender through the actions described herein.

57.

Defendant allowed severe or pervasive workplace harassment, which had the purpose or effect of unreasonably interfering with Plaintiff's work and creating an

Page 26 of 40 – COMPLAINT

intimidating, hostile, or offensive working environment based on her sex and/or gender. Plaintiff perceived the working environment to be hostile or abusive and a reasonable person in Plaintiff's circumstances would have considered the environment to be hostile or abusive. Defendant knew about the hostile work environment as described in the previous paragraphs, after multiple employees, including Plaintiff, reported it to an agent of Defendant District.

58.

Defendants' creation of, and/or failure to prevent or remediate, the hostile work environment for Plaintiff constitutes unlawful discrimination, and Defendants' conduct was substantially motivated by her sex and/or gender and constitutes unlawful discrimination.

59.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered economic damages.

60.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

/ / /

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

61.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

### THIRD CLAIM FOR RELIEF

### Race Discrimination – 42 U.S.C. § 1981

### Against all Defendants

**Count 1: Individual Liability Against Defendants Michael Ingman, Kay Graham, Andy Dey, Greg Borgerding, & Brooke Wagner**

62.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

63.

Plaintiff had a clearly established right to be free from unlawful discrimination based on race and/or color.

64.

By the acts and omissions described above, Defendants discriminated against Plaintiff because of race and/or color in violation 42 U.S.C. § 1981.

/ / /

/ / /

Page 28 of 40 – COMPLAINT

65.

In addition, or in the alternative, Defendants directed their subordinates' violative

conduct or acquiesced to their subordinates' deprivation of Plaintiff's rights.

66.

In addition, or in the alternative, Defendants set in motion violative conduct that

they knew or should have known would result in violations of Plaintiff's constitutional

rights.

67.

In addition, or in the alternative, Defendants' conduct as described above was done

intentionally and demonstrated a reckless or callous and deliberate indifference to

Plaintiff's rights.

68.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered

compensatory and/or nominal damages.

69.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered

significant emotional distress, humiliation, damage to her reputation, depression, loss of

dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be

determined by the jury at trial pursuant to 42 U.S.C. § 1988.

/ / /

/ / /

Page 29 of 40 – COMPLAINT

70.

Plaintiff requests compensatory damages, and/or nominal damages, equitable relief, costs, and attorney fees pursuant to 42 U.S.C. §§ 1981, 1988, and ORS § 20.107.

**Count II: Municipal Liability Against Defendant Eugene School District 4J**

71.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

72.

Plaintiff had a clearly established right to be free from unlawful discrimination based on race and/or color.

73.

By the acts and omissions described above, Defendants discriminated against Plaintiff because of race and/or color in violation 42 U.S.C. § 1981.

74.

Defendant Eugene School District 4J maintained a practice or custom of failing to protect Black female staff from discrimination and failing to provide such persons with an environment that allows them to be safely and securely employed. This practice or custom included, but was not limited to, condoning supervisors' discrimination and inadequately supervising and training its supervisors, including Defendant supervisor, and failing to discipline or reprimand its employees, including Defendant supervisor, thereby failing to adequately discourage further constitutional violations on the part of its employees.

Page 30 of 40 – COMPLAINT

75.

In addition, or in the alternative, Defendant District is liable for the deprivation of Plaintiff's rights because the unlawful decisions were made or approved by persons in policymaking positions for Defendant District and/or Defendant District ratified the unlawful conduct alleged herein knowing the basis of the unlawful conduct.

76.

Defendants' discrimination against Plaintiff was intentional or undertaken with deliberate indifference to Plaintiff's rights.

77.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered compensatory and/or nominal damages.

78.

Plaintiff requests compensatory damages and/or nominal damages, injunctive relief, equitable relief, and costs and attorney fees pursuant to 42 U.S.C. §§ 1983, 1988, and ORS § 20.107.

/ / /

/ / /

/ / /

/ / /

/ / /

 / / /

Page 31 of 40 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

**FOURTH CLAIM FOR RELIEF**

**ORS § 659A.030(1)(a)**

**Race and Color Discrimination**

**Against Defendant Eugene School District 4J**

79.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

80.

Oregon law provides that it is an "unlawful employment practice" for an employer and its agents to "discriminate" against an employee "in compensation or in terms, conditions, or privileges of employment" or to "refuse to hire or employ" or to "bar or discharge" an individual because of "race," and/or "color."  ORS § 659A.030(1)(a).

81.

Defendant Eugene School District 4J is an employer for the purpose of ORS § 659A.030.

82.

Defendant Eugene School District 4J unlawfully discriminated against Plaintiff based on race and/or color through the actions described herein.

83.

Defendant allowed severe or pervasive workplace harassment, which had the purpose or effect of unreasonably interfering with Plaintiff's work and creating an

Page 32 of 40 – COMPLAINT

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

intimidating, hostile, or offensive working environment based on her race and/or color. Plaintiff perceived the working environment to be hostile or abusive and a reasonable person in Plaintiff's circumstances would have considered the environment to be hostile or abusive. Defendant knew about the hostile work environment, described in the previous paragraphs, after multiple employees, including Plaintiff, reported it to an agent of Defendant District.

84.

Defendants' creation of, and/or failure to prevent or remediate, the hostile work environment for Plaintiff constitutes unlawful discrimination and Defendants' conduct was substantially motivated by her race and/or color and constitutes unlawful discrimination.

85.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered economic damages.

86.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

/ / /

/ / /

Page 33 of 40 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

87.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

### FIFTH CLAIM FOR RELIEF

### ORS § 659A.030(1)(f)

### Retaliation for Opposing Any Unlawful Practice Under Chapter 659A

### Against All Defendants

88.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

89.

Defendant Eugene School District 4J is an employer for the purpose of ORS § 659A.030.

90.

Defendant Eugene School District 4J discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices.

/ / /

/ / /

Page 34 of 40 – COMPLAINT

91.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered economic damages.

92.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

93.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

**SIXTH CLAIM FOR RELIEF**

**ORS § 659A.199**

**Whistleblower Retaliation**

**Against Defendant Eugene School District 4J**

94.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

Page 35 of 40 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

95.

Defendant Eugene School District 4J is an employer for the purpose of ORS §
659A.199.

96.

Defendant retaliated against Plaintiff in the terms and conditions of her employment
by violating the terms of their contract with Plaintiff in substantial part for opposing and/or
reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of
violations of federal and/or state laws, rules, or regulations.

97.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered
economic damages.

98.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered
significant emotional distress, humiliation, damage to their reputation, depression, loss of
dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be
determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or
rules.

99.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses
incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885,

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

### SEVENTH CLAIM FOR RELIEF

### ORS § 659A.203

### Retaliation Against Public Employee Whistleblower

### Against Defendant Eugene School District 4J

100.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

101.

Defendant retaliated against Plaintiff in the terms and conditions of her employment by violating the terms of their contract with Plaintiff in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations, and/or mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the public employer.

102.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered economic damages.

/ / /

/ / /

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

103.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

104.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

## SEVENTH CLAIM FOR RELIEF

## ORS § 659A.030(1)(g)

## Aiding, Abetting, Inciting, Compelling, or Coercing an Unlawful Employment Practice Against All Defendants

105.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

/ / /

/ / /

Page 38 of 40 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

106.

Defendants Michael Ingman, Kay Graham, Andy Dey, Greg Borgerding, and Brooke Wagner are "persons" for the purpose of ORS § 659A.030.

107.

ORS § 659A.030(1)(g) makes it an unlawful employment practice for any person "to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" under Chapter 659A of the Oregon Revised Statutes.

108.

Defendants violated ORS § 659A.030(1)(g) by, without limitation, aiding and abetting in the unlawful employment practices under Chapter 659A, including subjecting Plaintiff to adverse terms and conditions of employment, on the basis of Plaintiff's sex and gender identity, and opposition to and complaints of illegal activity.

109.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered economic damages.

110.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

111.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses

incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885,

ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating

an important right in the public interest, and any other applicable laws or rules.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for her costs and disbursements incurred herein and

for the following in accordance with the proof at trial:

1.      Injunctive relief prohibiting further violations,

2.      Economic damages,

3.      Non-economic damages,

4.      Costs and attorney's fees,

5.      Prejudgment and post judgement interest as appropriate and allowed by law,

6.      On all claims, as applicable, amounts necessary to offset the income tax

        consequences of receiving a lump sum payment, rather than receiving

        payment of wages over the applicable time frame; and

7.      Any other relief the court deems proper.

Dated: August 28, 2024.                    **BEACON EMPLOYMENT LAW**

                                            s/Talia Y. Guerriero
                                            Talia Y. Guerriero, OSB #115271
                                            talia@beaconforjustice.com
                                            Of Attorneys for Plaintiff

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com